## Mahaffey *v.* Byers, Appellant.

*Malicious prosecution—Probable cause—Province of court and jury—Evidence.*

In an action for malicious prosecution, what is probable cause and whether it exists in the proofs, if believed, is a question of law; whether the proofs establish the facts relied upon as constituting probable cause is a question for the jury.

The evidence was to the effect that defendant's store had been robbed the night before plaintiff's arrest; that defendant saw plaintiff next day spending money freely; that a few hours later plaintiff registered at a hotel and there passed a bill which defendant recognized as one stolen from his store; that plaintiff left the hotel without the dinner he had ordered as soon as he learned of defendant's presence. *Held* that these facts constituted probable cause, if believed; and it was error to leave to the jury the question whether they did or did not constitute probable cause for the arrest of plaintiff by defendant.

*Misleading charge—Advice of counsel.*

Where defendant in an action for malicious prosecution sought to explain his absence from the hearing after the arrest of plaintiff and to parry the effect of the discharge by showing that the district attorney,had advised him that after commitment the magistrate had not jurisdiction to hear the complaint, it was error to charge that in such case defendant must lay the whole case before counsel. It was enough to tell the nature of the charge and what had been done without going into the facts upon which the charge was made.

Argued April 21, 1892. Appeal, No. 143, Jan. T., 1892, by defendant, David Byers, from judgment of C. P. Clearfield Co., Sept. T., 1890, No. 540, on verdict for plaintiff, F. E. Mahaffey. Before PAXSON, C. J., WILLIAMS, GREEN, MITCHELL and HEYDRICK, JJ.

Trespass for false imprisonment.

The facts as they appeared at the trial, before KREBS, P. J., are stated in the opinion of the Supreme Court.

Plaintiff's point was as follows:

"1. When one accused of crime has been discharged by the examining magistrate, the burden of showing probable cause is thrown on the prosecutor, in an action against him for malicious prosecution. *Answer:* That is a correct abstract statement of the law, but in the trial of causes we must bear in mind what the facts in each particular case are, that we are

trying.  In this case it appears that the plaintiff in this action was discharged from custody by 'Squire Fry.  It is alleged on the part of the defendant that he did not appear there to prosecute because he was advised by a lawyer, one who was supposed to be competent to advise him, that a magistrate had no power to discharge him, having once committed him, and that was the reason why he did not appear.  Now, gentlemen of the jury, if that is true, the mere fact that the defendant was discharged would not be sufficient of itself to throw upon him the burden of showing probable cause.  That would be a good ground for not appearing if he was acting honestly; but a man who goes before counsel to advise in cases of this kind, must lay his whole case before counsel, and he must act honestly, and he must not do that for any purpose of obtaining advice which is not correct or not applicable to the facts.  His prosecution must be such as bears the impress of a desire to be advised correctly, and if he so acts and is advised, although the advice may be a mistake, yet nevertheless he would not have cast upon him the burden of showing probable cause." [3]

Defendant's points were as follows, among others:

" 1.  There is no such absence of probable cause and existence of malice shown as would sustain a verdict for plaintiff, and your verdict must be for the defendant.  *Answer:* We decline to instruct you that this is true as a matter of law in this case, but shall endeavor to give to you what we deem to be probable cause, or the want of probable cause, and submit the facts to you to determine whether or not probable cause existed for this arrest, or whether there was such action on the part of the defendant as a man of cautiousness, and a reasonably prudent man, would not have taken without further inquiry." [1]

" 3.  If the jury believe the following facts to be proven, to wit:  That defendant on his way to Hastings, without any purpose or intent to prefer any charge against the plaintiff, saw him twice pull out of his pocket a quantity of small change corresponding to what he had lost from his money drawer, and upon seeing defendant at once returned it to his pocket, and at Hastings discovered that plaintiff had passed a five dollar bill corresponding to the one taken from defendant's safe, and that at the time when there was apparently no necessity in passing it, he having more change already than was needed;

and further learned that immediately upon hearing of defendant's presence at the Hastings House plaintiff left that hotel after having registered and ordered dinner, and at dinner time, and went to another hotel, these facts in connection with the other undisputed facts in the case were sufficient in law to constitute probable cause. *Answer :* I do not find myself able to agree with that point as stated. The reasons for that are briefly these : There is a conflict of testimony between the plaintiff and defendant as to the *amount* of change. There is also a conflict in the defendant's own testimony as to the amount of money that was taken from his safe, that is, the denominations and kinds of money. And it would be requiring the court to invade, we think, the province of the jury too far to affirm this point without any qualifications. We submit the facts to you as we have already done. All these facts and circumstances are for you to consider upon the question of whether or not there was, and there existed at that time, such facts as would cause a man of ordinary caution and prudence to entertain an honest belief, or a strong suspicion that the plaintiff had committed this felony ; if he did it would constitute probable cause and your verdict would have to be for the defendant. If in your judgment it did not, if there was not such a condition of facts and circumstances at that time, then you will have to inquire as to another stage of this case, whether or not there was malice." [2]

Verdict and judgment for plaintiff for $450. Defendant appealed.

*Errors assigned* were (1, 3) answers to points, quoting points and answers.

*Thomas H. Murray*, with him *A. L. Cole* and *Cyrus Gordon*, for appellant.—The whole question of law and fact was given to the jury. Probable cause is reasonable ground for belief of guilt : Smith v. Ege, 52 Pa. 419. A felony having been committed, arrest without warrant, if there was probable cause, did not make defendant liable : Holley v. Mix, 3 Wend. 350 ; 2 Addison on Torts, § 803 ; Samuel v. Payne, 1 Doug. 359. The fact of felony and reason to suspect a particular person justify arrest by private person : McCarthy v. DeArmitt, 99 Pa. 71 ; Abrahams v. Cooper, 81 Pa. 232. All that can be asked of

prosecutor is that he act as a reasonable, prudent man: Cole v. Curtis, 16 Minn. 182; Fisher v. Forrester, 33 Pa. 507; Bernar v. Dunlap, 94 Pa. 329. It is error to submit to jury questions whether certain facts constitute probable cause: Travis v. Smith, 1 Pa. 234; Deitz v. Langfit, 63 Pa. 234; Beech v. Wheeler, 30 Pa. 72. It is error to refer a question of law to jury as question of fact: South R. R. v. Reed, 5 Cent. R. 863; Cross v. Tyrone Mining Co., 121 Pa. 387.

*J. B. McEnally, J. H. Kelly, D. W. McCurdy* with him, for appellee.—False imprisonment is made out by showing unlawful detention: 7 Am. & Eng. Ency. L. 688; McCarthy v. DeArmitt, 99 Pa. 70. Arrest by private citizen without warrant is wrongful act and burden is on him to show authority therefor: Ibid. The right of private citizen is much less in this respect than that of an officer of the law: Ibid.; Stier v. Labar, 16 W. N. 273. He must show (1) that felony has been committed, (2) urgency for making arrest, (3) honest belief in guilt of person arrested based on facts: Wakely v. Hart, 6 Bin. 318. Where facts are uncertain, they must be left to the jury: Smith v. Walter, 125 Pa. 468. Only advice of counsel learned in the law will protect, that of a magistrate or of others is insufficient: Walter v. Sample, 25 Pa. 275; Brobst v. Ruff, 100 Pa. 91; Smith v. Walter, supra; Straus v. Young, 36 Md. 246; Olmstead v. Partridge, 82 Mass. 381. Where the accused is discharged by the magistrate the burden is on prosecutor to show probable cause: Smith v. Ege, 52 Pa. 419; Orr v. Seiler, 1 Penny. 445.

Opinion by Mr. Justice Heydrick, October 3, 1892.

The principles applicable to actions for false imprisonment and malicious prosecution have been so frequently discussed that a mere statement of them will be sufficient for the present case. To maintain an action for false imprisonment it is enough in the first instance to show that the plaintiff has been deprived of his liberty without legal process. If the arrest was made by a peace officer it is a complete answer to show that there was reasonable cause to believe that a felony had been committed and that the person arrested was the perpetrator; if by a private person, it is necessary to go one step farther and show that a felony had in fact been committed as well as

that there was reasonable cause to believe that the defendant was guilty of the offence. But in an action for malicious prosecution it is necessary to show not only the institution of a prosecution, but that it was instituted without probable cause and maliciously. The absence of probable cause being shown malice will ordinarily be inferred unless there be extenuating circumstances, such as that the prosecutor submitted the facts fully to counsel learned in the law and acted under his advice. What is probable cause and whether it exists in the proofs if believed is a question of law; whether the proof establishes the facts relied upon as constituting probable cause is a question for the jury. A full discussion of the subject and citation of numerous authorities may be found in the opinion of TRUNKEY, J., in McCarthy v. De Armit, 99 Pa. 63.

In the present case it was in proof and is conceded that a felony had been committed the night before the plaintiff was arrested. It remains therefore only to consider whether the farther facts of which proof was given constituted, if found by the jury, reasonable cause to believe that that felony had been committed by the plaintiff. These facts are briefly, that on the day after the felony was committed the attention of the defendant was attracted by the expenditure of money by the plaintiff; that a few hours later the plaintiff had registered at a hotel in a neighboring village and ordered dinner, and there passed a five dollar bill which the defendant recognized from some peculiarity about it as one that had been stolen from his safe the night before, and that learning that the defendant was at the same hotel the plaintiff immediately left without waiting for the dinner which he had ordered. If the plaintiff had been on trial for larceny of the bill the evidence of the identity of that which had been stolen with the one in his possession could not have been withheld from the jury, and the fact of identity being assumed it would have been the duty of the trial judge to instruct the jury that unexplained possession of the stolen property so soon after the theft was a fact from which his guilt might be inferred. It is true that the jury might not have found the fact of identity. But when a high crime has been committed a citizen may certainly act upon such evidence as a court would submit to a jury as warranting a conviction. The law does not require even so much. Oftentimes hearsay

is sufficient to justify a prosecution. In Bernar v. Dunlap, 94 Pa. 329, a prosecution for the larceny of certain gauntlets had been instituted by the defendant upon the mere statement of another person that he had seen the gauntlets in the possession of the plaintiff, the party accused, and that was held by this court to have been probable cause. So, too, in McCarthy v. De Armit, supra, unsworn statements made to a detective that the party arrested had committed a murder, and by the detective communicated to the mayor of a city, were considered probable cause. And in Fisher v. Forrester, 33 Pa. 501, deceptive appearances of an intent to injure the prosecutor were adjudged probable cause for a prosecution for malicious mischief. In the present case there was a much stronger showing of probable cause than in any of the cases cited. For this reason the second assignment of error is sustained.

The answer of the learned court below to the plaintiff's first point is objectionable in that it introduces a qualification that has no application to the facts of the case and in such manner as may have misled the jury. It is undoubtedly true that when a defendant in an action for a malicious prosecution seeks to escape from the inference of malice from a discharge of the accused by showing that before he commenced the prosecution he consulted counsel and was advised that he had probable cause, he must show that he laid his whole case fairly and honestly before his counsel. But in this case the defendant did not claim that he had consulted counsel before the arrest, but only sought to explain his absence from the hearing and parry the effect of the discharge by showing that the district attorney had advised him that after a commitment the magistrate had not jurisdiction to hear the complaint. At that stage of the case and with reference to his appearance or non-appearance at the hearing, it was enough to tell the district attorney the nature of the charge and what had been done without going into the facts upon which the charge was made.

For these reasons the judgment is reversed.