# Roessing *v.* Pittsburg Railways Company, Appellant.

*Malicious prosecution—Probable cause—Province of court and jury—Advice of counsel.*

1. What is probable cause, and whether it exists under an admitted or clearly established state of facts, is a question of law for the court.

2. In an action by a street railway conductor against a street railway company which had formerly employed him, to recover damages for an alleged malicious prosecution, it is the duty of the court to say as a matter of law that there was probable cause for the prosecution; where it appears that five men of good character watched the conductor at various times, and reported that he had failed to ring up numerous fares, and that the company did not begin the prosecution until it was advised to do so by its counsel, after all the facts had been laid before him.

Argued Oct. 29, 1909. Appeal, No. 65, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., May Term, 1904, No. 373, on verdict for plaintiff in case of Harry Roessing v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for an alleged malicious prosecution. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $2,500, upon which judgment was entered for $2,000 all above that amount having been remitted.

*Error assigned* was in refusing binding instruction for defendant.

*William A. Challener,* with him *Clarence Burleigh* and *James C. Gray,* for appellant.—The mere fact of acquittal on

a criminal charge does not, in an action against the prosecutor for malicious prosecution, establish want of probable cause, nor raise an irrebuttable presumption of the want of probable cause. If the testimony on the part of the defendant is undisputed that probable cause existed, the court may declare the result of the testimony as matter of law: Robitzek v. Daum, 220 Pa. 61.

This case comes squarely within the rule that a jury ought not to be permitted to infer malice from the mere want of probable cause, when by other circumstances, it is disproved, and the case was not a proper one for the court to charge, as it did, that "in the absence of probable cause the jury may find from that fact alone that the prosecution was malicious:" Emerson v. Cochran, 111 Pa. 619.

Advice of counsel is evidence not to prove probable cause, but to rebut the inference of malice arising from the want of probable cause: Emerson v. Cochran, 111 Pa. 619.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee.—The case was properly submitted to the jury: Auer v. Mauser, 6 Pa. Superior Ct. 618; Grohmann v. Kirschman, 168 Pa. 189; MacDonald v. Schroeder, 214 Pa. 411; Munns v. Dupont, 3 Wash. C. C. 31; Melvin v. Melvin, 130 Pa. 6; Coyle v. Snellenburg, 30 Pa. Superior Ct. 246; Greency v. Water Co., 29 Pa. Superior Ct. 136; Bell v. R. R. Co., 202 Pa. 178.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

Before the plaintiff in this case could succeed, he was bound to show that the defendant had no probable cause for thinking that he was guilty of the offense for which it prosecuted him. He was bound to show an abuse of the privilege of prosecution, and that the defendant had acted in bad faith. In the present case the plaintiff met this burden only to the extent of proving his arrest, and that he was held by the magistrate to await the action of the grand jury, his indictment and trial, and his acquittal. Defendant admitted responsibility for the arrest and prosecution of the plaintiff, but

claimed that there was probable cause for its action, and therefore it could not be held liable for damages in the present case.

The circumstances which led to the arrest and prosecution of the plaintiff were as follows: The plaintiff was a conductor in the employ of the defendant company, and was in charge of a street car. W. H. O'Brien, the employment agent of the company, testified for the defendant that operatives were employed to ride in the cars and check the reports of the conductors. The operative counts the passengers and sees whether they are all registered. His report shows whether the conductor is turning in all fares collected by him or not. The employment agent testified that in this case three operatives made separate reports to him of what they had observed on plaintiff's car. These three reports made on different days and by different men, each showed a discrepancy between the fares collected and those registered by the conductor. In the first report there was a deficit of ten fares; in the second of twenty-one fares, and in the third of two fares. The operatives employed were all known to witness to be of good reputation for truth and veracity, and also to be careful men. The witness testified that he believed their reports. After having received these reports from the operatives, witness detailed two special officers to ride on plaintiff's car from one end of the line to the other, in order to verify the previous reports received from the operatives. They did so on two successive days, and each reported a deficit of eleven fares on one day, and of fifteen upon the other. The witness showed that the reports of the operatives and the special officers were submitted to James Francis Burke, Esq., as special attorney for the company, and that on his advice the prosecution was instituted. There was, however, a failure to convict in the criminal court. In the present case the judge refused to give binding instructions for the defendant, and submitted the question of probable cause for the prosecution, to the jury.

The main question raised here by the assignments of error, is whether or not, under the uncontradicted evidence, probable cause for the action by the defendant was so clearly shown, that the trial judge should have taken the case from

the jury, and directed a verdict for the defendant. There was no dispute as to the facts which induced the prosecution, and therefore the responsibility for deciding whether these facts constituted probable cause was upon the court, and should not have been shifted to the jury. The rule is well settled. Thus in the late case of Robitzek v. Daum, 220 Pa. 61, it is said, "What is probable cause, and whether it exists under an admitted or clearly established state of facts, is a question of law for the court." And in Fisher v. Forrester, 33 Pa. 501, Justice WOODWARD said (p. 508): that the case stated was "a case in which the court ought to have taken the question of probable cause away from the jury, and ruled that under the evidence, if believed by the jury, the defendant had probable cause." In Bernar v. Dunlap, 94 Pa. 329, it was held that plaintiff's own evidence showed the existence of probable cause, and that a nonsuit was properly entered. In McCarthy v. De Armit, 99 Pa. 63, Justice TRUNKEY said (p. 69): "What facts and circumstances amount to probable cause is a question of law. Whether they exist in any particular case is a question of fact. Where the facts are in controversy, the subject must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause, and submit to them only the question of such facts. This principle is well settled. If all the evidence is insufficient to establish probable cause, the court shall so instruct the jury, for they are not at liberty to find a fact without evidence; and if the admitted facts amount to probable cause, the court shall direct a verdict for the defendant, even if his malice were clearly proved." In Cooper v. Hart, 147 Pa. 594, and in Mahaffey v. Byers, 151 Pa. 92, judgments on verdicts for the plaintiff were reversed without venire, on the ground that the uncontradicted evidence established probable cause. And in Huckestein v. Ins. Co., 205 Pa. 27, it was said (p. 31): "The instruction therefore that the prosecution was without probable cause was clearly right, and it was the duty of the court to give it. The question of probable cause is one of law for the courts, where the facts relied on to constitute it are admitted or

established beyond controversy." In the case of Bryant v. Kuntz, 25 Pa. Superior Ct. 102, judgment on a verdict for the plaintiff was reversed without a venire. ORLADY, J., there said (p. 106): "The inquiry as to the probable cause goes back to the commencement of the prosecution, and it relates to the facts then known and as they then appeared. It is not confined to the truth of the matters that led to the prosecution, but extends to their appearance as indicating the guilt or innocence of the accused. If probable cause is shown, it matters not whether the motive of the prosecutor be praiseworthy or malicious; and the undisputed evidence in this case made it the duty of the court below to affirm the defendant's seventh point and to direct a verdict for the defendant."

Under these established principles, it was clearly the duty of the trial judge to declare the law upon the admitted facts in this case. The uncontradicted evidence offered by the defendant, in part documentary, shows that O'Brien, the agent, who instigated the prosecution, placed three different "operatives" upon plaintiff's car, on different days, for the purpose of learning whether he was accounting for all the fares collected. The evidence further shows that they were men of good character, and that O'Brien believed their reports. Each operative made a written detailed report, and each report showed that plaintiff had not registered all the fares collected during the period of observation. But O'Brien took further precautions before acting. He sent two special officers on two different days, to ride with plaintiff from one end of the line to the other, to keep account of the fares collected and registered. These officers made written reports which were in evidence, and they agreed that on both the trips which they took on plaintiff's car, he collected fares which he did not register. Even then, O'Brien did not act until advised by counsel for the company, that he would be justified under the evidence in having a warrant sworn out for plaintiff's arrest. It is difficult to conceive of circumstances which would constitute more reasonable grounds of suspicion, or would be more likely to lead a reasonable and prudent man to believe in the guilt of the plaintiff. In fact, it

is hard to understand how any reasonable man could avoid the conclusion, that the circumstances shown were strong indications of the guilt of the accused person.

If such circumstances as those here detailed were not sufficient to justify the defendant in invoking the protection of the law, through the criminal courts, then the hope of any such protection is a vain thing. The trial judge erred in not pronouncing upon the facts. He should have given binding instructions for the defendant upon the ground that probable cause for the prosecution was clearly shown, by the uncontradicted evidence in the case.

The judgment is reversed, and is here entered for the defendant.