# Keener *v.* Jeffries, Appellant.

*Malicious prosecution—Probable cause—Malice—Case for jury.*

1. To maintain an action for malicious prosecution, both want of
probable cause for the prosecution and malice in the prosecutor must
be affirmatively shown.   Where the evidence establishes want of prob-
able cause, malice may be inferred by the jury from such want of prob-
able cause.

2. When the facts are controverted, and in some cases where the

actual belief of the prosecutor enters into the consideration of the question, a court can do no more than define what constitutes probable cause, and submit to the jury to find whether the constituents of it have been proved, or rather whether it has been shown that those facts were wanting which the law declares to be essential to justify a prosecution.

3. In an action for malicious prosecution it appeared that plaintiff and defendant were both barbers, and that the plaintiff had been at one time in the employ of the defendant. It appeared that defendant had visited a shop where plaintiff had secured employment, and seeing a razor in plaintiff's hands said, "That is a razor that was stolen from me. I have made up my mind any time I find one of them razors in any one's possession, that I would have him arrested." Plaintiff said, "You don't think I would do anything like that." Defendant replied, "No, I don't think that; but I always made up my mind whenever I would find one of them razors I would have the man arrested." Plaintiff was arrested for larceny, indicted and acquitted. The evidence tended to show that the plaintiff at the time the larceny was committed was in another state, and that defendant knew that fact at the time he caused the plaintiff's arrest. *Held,* that the case was for the jury and that verdict and judgment for plaintiff should be sustained.

Argued April 15, 1913. Appeal, No. 5, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., Third Term, 1909, No. 795, on verdict for plaintiff in case of Lew Keener v. Robert Jeffries. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for malicious prosecution. Before EVANS, J.

Verdict and judgment for plaintiff for $255. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George H. Quaill,* for appellant.

*W. A. Hudson,* for appellee, cited: Delaney v. Lindsay, 46 Pa. Superior Ct. 28.

OPINION BY PORTER, J., October 13, 1913:

The plaintiff brought this action to recover damages for an alleged malicious prosecution of him by the defendant, upon a charge of larceny; he recovered a verdict and judgment in the court below and the defendant appeals. The circumstances which led to the arrest and prosecution of the plaintiff were as follows: The plaintiff and defendant were both barbers, the latter being the owner of a shop and the former a journeyman. The defendant, in May, 1909, visited the shop where the plaintiff was employed and seeing a razor which the plaintiff had been using asked him where he had obtained it, and was told by plaintiff how the razor had come into his possession. The defendant then said, "That is a razor that was stolen from me," whereupon the plaintiff uttered an exclamation of surprise. The defendant said, "I have made up my mind any time I find one of them razors in any one's possession, that I would have him arrested." The plaintiff then said to the defendant, "Mr. Jeffries, you don't think I would do anything like that?" The defendant replied, "No, I don't think that; but I always made up my mind whenever I found one of them razors, I would have the man arrested." The defendant then called an officer and had the plaintiff arrested and went before a magistrate, on May 10, 1909, and made an information charging the plaintiff with having stolen a number of razors and other property from the shop of the defendant, in Pittsburg, on or about the tenth day of December preceding. The testimony would have warranted a finding that the plaintiff was not in Pittsburg but was in another state at the time the larceny was committed, and that the defendant knew that fact at the time he caused the arrest of the plaintiff. The plaintiff was subsequently indicted for the alleged larceny and his trial resulted in an acquittal.

There was in this case no admission upon the part of the plaintiff that the razor or razors which the defend-

ant saw in his possession were the property of the defendant or had been stolen from him. That to maintain an action for malicious prosecution, both want of probable cause for the prosecution and malice in the prosecutor must be affirmatively shown, is familiar doctrine. Where the evidence establishes want of probable cause, malice may be inferred by the jury from such want of probable cause. The present case was, under the evidence, one in which the existence of probable cause was a mixed question, partly for the court and partly for the jury. Assuming that the honest belief of the defendant that the razor which he saw in the possession of the plaintiff, in May, 1909, had been stolen from him, in the preceding December, would constitute probable cause for his prosecution of the plaintiff, the question of the good faith of his allegation of such belief would still be a question of fact for the jury. "When the facts are controverted, and in some cases where the actual belief of the prosecutor enters into the consideration of the question, a court can do no more than define what constitutes probable cause, and submit to the jury to find whether the constituents of it have been proved, or rather whether it has been shown that those facts were wanting which the law declares to be essential to justify a prosecution:" Schofield v. Ferrers, 47 Pa. 194. This principle is peculiarly applicable here in view of the fact that the plaintiff testified that the defendant had said, at the very time he caused the arrest of the plaintiff, that he did not think that the plaintiff would do a thing like that, "but I always made up my mind whenever I found one of them razors, I would have the man arrested." The bona fide belief of the prosecutor in the existence of the facts which constitute probable cause, based on reasonable grounds, is a material question in this class of cases: Robitzek v. Daum, 220 Pa. 61; Roessing v. Pittsburg Railways Co., 226 Pa. 523. The question of the good faith of the allegation of the defendant that he believed the razors which he saw in

the possession of the plaintiff to be his property, which had been stolen about five months earlier, was for the jury, and the prayer of the defendant for a binding instruction in his favor was properly refused.  The first specification of error is dismissed.

The court, in response to the written requests of the appellant in his second, third and fourth points, instructed the jury that every public prosecution is presumed to have been begun and carried on in good faith and upon probable cause, and before the plaintiff could recover both want of probable cause for the prosecution and malice must be shown; and also, that if the defendant had reasonable ground for suspicion, supported by evidence sufficient to warrant an ordinarily prudent man in believing the plaintiff guilty of the offense, then there could be no recovery in this case.  The excerpts from the charge which are made the subject of the second and third specifications of error were repetitions of these very instructions for which the appellant had prayed.  The instructions were a correct statement of the general principles applicable to the case, the appellant had himself prayed for such instructions, and the repetition of them worked no injury to his case.  The appellant had submitted five points requesting instructions, all of which, save that praying for binding instructions, were affirmed.  The general charge was a correct statement of the principles of law applicable to this proceeding; if the appellant desired more specific instructions as to the applicability of those principles to the facts disclosed by the evidence in this case, he should have submitted a distinct prayer for such instructions.  The comments of the learned judge of the court below upon the evidence, in so far as it was referred to, were entirely impartial, and the complaint that the charge was inadequate is not well founded.

The judgment is affirmed.