Sicola *v.* First National Bank of Altoona.

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Stephen M. Feldman,* with him *Merle K. Evey, Joseph G. Feldman,* and *Feldman & Feldman,* for appellants.

*Robert C. Haberstroh,* for appellee.

OPINION BY MR. JUSTICE BOK, May 22, 1961:

Six persons, now appellants, sued the defendant bank for malicious prosecution. They have appealed because the court below sustained preliminary objections to their complaints.

The bank had plaintiffs arrested for obtaining money under false pretenses and for conspiracy committed on January 18 and 30, 1958. Plaintiff Strong was acquitted by a jury on December 9, 1959, and on January 12, 1960, the indictments against the other plaintiffs were nolle prossed. The complaints in the instant cases were filed on March 9, 1960.

The preliminary objections asserted, and the court below held, that the complaints were tardily filed be-

cause of the Statute of Limitations, Act of July 1, 1935, P. L. 503, 12 PS §51, which provides: "That every suit to recover damages for malicious prosecution or for false arrest, because of a right of action hereafter accruing, must be brought within one year from the date of the accruing of such right of action, and not thereafter. . . ."

The court below felt that the injury to the plaintiffs occurred at the moment of their arrest and hence that their right of action accrued at that time. Its reason was that the requirement of a favorable termination of the criminal proceedings was a condition precedent to recovery for malicious prosecution in order to avoid the possibility of inconsistent verdicts, that is to say, one criminal verdict and another and different civil verdict. This was clear error.

We accept the allegations of the complaints as true: *Ayers v. Morgan,* 397 Pa. 282 (1959), 154 A. 2d 788. The cited case, involving the discovery nine years after a surgical operation that the defendant doctor had left a sponge inside a patient, also informs us that a statute of limitation must be read in the light of common sense and reason, and that the Legislature is presumed not to intend unreasonable or absurd results.

The elements of the action before us are malice, want of probable cause, and a favorable outcome of the criminal process: *Curley v. Automobile Finance Co.,* 343 Pa. 280 (1941), 23 A. 2d 48; *Smoker v. Ohl,* 335 Pa. 270 (1939), 6 A. 2d 810. And as we said in *Beadle v. Friel,* 320 Pa. 560 (1936), 183 A. 761: " 'It is clearly settled also, that the [criminal] proceeding must be determined finally before any action lies for the injury.' " See also *Manning v. Newville Water Co.,* 111 Pa. Superior Ct. 229 (1933), 169 A. 254, where the court said: "A cause of action must be complete before an action can be commenced, and the subsequent

occurrence of a material fact will not avail in maintaining it."

A plaintiff in malicious use of process does not make out a case simply by proving his arrest and acquittal: *Miller v. Pennsylvania Railroad Co.,* 371 Pa. 308 (1952), 89 A. 2d 809. The other two elements must also appear. Want of probable cause does not in itself prove malice as a motive: *Simpson v. Montgomery Ward & Co.,* 354 Pa. 87 (1946), 46 A. 674. However, malice *may* be inferred from want of probable cause, but not want of probable cause from malice. If probable cause exists, malice is immaterial: *Werner v. Bowers,* 318 Pa. 518 (1935), 178 A. 831. As this court said in *Dietz v. Langfitt,* 63 Pa. 234 (1870): "Park, J., in Mitchell v. Jenkins, 5 B. & Ald. 588, said: 'If there be reasonable or probable cause, no malice, however distinctly proved, will make the defendant liable.' If this were not so, the evil spirit of the prosecutor might redeem the evil act of the criminal."

It follows that if plaintiffs had been convicted of the criminal charges the defendant's probable cause would have been judicially fixed and no action for malicious prosecution could lie. But if acquitted, plaintiffs would have taken only the first of the steps required to establish their action for malicious prosecutions, although it is usually put last in the definition. This is to say that until the outcome of the criminal procedure it is impossible to tell whether or not there is a basis for the civil suit, and hence it is impossible to write a complaint. The criminal case may be delayed for years beyond the one-year period of the Statute by the complexity of the evidence, the condition of the court calendar, or the availability of witnesses, and to compel a suitor to state his action before he can possibly know what it is would be absurd.

There can be no action until a right of action is complete, and hence no statute of limitation can run before that time has come: *New York & Penna. Co. v. N. Y. Central R. R. Co.*, 300 Pa. 242 (1930), 150 A. 480. We therefore hold that plaintiffs' right of action could not accrue until the criminal action ended in their favor. Once it did, they started their suits in ample time.

The judgments are reversed, with a procedendo.