# DiNicola v. DiPaolo

*Louis P. DiNicola,* pro se.
*Lawrence L. Kinter,* for defendants.
*Richard A. Vendetti,* for John Vendetti.

NYGAARD, *J.,* September 29, 1982—Plaintiff was convicted by an Erie County jury of the crimes of arson and homicide, at nos. 631-634 of 1981, and is presently incarcerated at the State Correctional Institution at Pittsburgh. He has brought this action against the law enforcement and judicial officers involved in his arrest and the City of Erie. The complaint alleges a cause of action for false arrest under

Pennsylvania law, and an action under 42 USC §1983 for civil rights violations. The basis of these claims is that there was no probable cause for his arrest; that Officers DiPaolo and Gunter arrested him even though they knew their warrant lacked probable cause, and that District Justice Vendetti issued the warrant even though he knew the facts did not add up to probable cause.

Defendants have filed preliminary objections in the nature of demurrers to the substance of the complaint, and challenging the form of that pleading. It is only necessary to consider the former, and for the reasons which follow, the court sustains the demurrers and dismisses the complaint as to all defendants.

One of the elements of false arrest, under Pennsylvania law, is that any prosecution following from an allegedly false arrest must result in a verdict or disposition favorable to the one who claims to be falsely arrested. Smoker v. Ohl, 335 Pa. 270, 6 Atl.2 810 (1939); Woodyatt v. Bank of Old York Road, 408 Pa. 257, 182 A.2d 500 (1962); Sciola v. First National Bank of Altoona, 404 Pa. 18, 170 A.2d 584 (1961).

In this case, plaintiff was convicted by a jury, and to this date, his conviction has not been overturned by any appellate court. Until and unless this occurs, this court, in an action such as this one, must presume that the conviction, and the events leading up to it, are valid. As regards the issuance and execution of the warrant for plaintiff's arrest, this means the court must presume the existence of probable cause.

As long as probable cause is presumed, plaintiff cannot establish all the elements of a cause of action

for false arrest under Pennsylvania law, and his complaint must fail.*

Plaintiff's conviction also establishes, for purposes of his federal cause of action, that there was probable ·cause for his arrest. Bergstralh v. Lowe, 504 F2 1276 (CA9 1974), cert. denied 420 US 930, 43 LE2 402, 95 S.Ct. 1131 (1975); Howell v. Tanner, 650 F2 610 (CA5 1981). All of his claimed federal constitutional violations center around an alleged lack of probable cause. But since probable cause does exist, these claims must also fail.

In addition, District Justice Vendetti enjoys absolute judicial immunity from both the state and federal cause of action. 42 Pa. C.S. §8524 provides, in part, that:

"An official of a Commonwealth agency, or a member of the General Assembly or the judiciary may assert on his own behalf, or the Commonwealth may assert on his behalf, defenses which have heretofore been available to such officials." The defense "heretofore available" to magistrates and district justices has been one of complete immunity unless the justice acts corruptly or in the complete absence of jurisdiction and good faith. McNair's Petition, 324 Pa. 48, 187 Atl. 498 (1936).

Plaintiff alleges that District Justice Vendetti "did knowingly issue an arrest warrant that was devoid of probable cause." Again, however, plaintiff's conviction shows that probable cause did exist, and negates any possible inference of bad faith.

---

*The court notes that even if this suit could be sustained against the individual defendants, the City of Erie would have to be dismissed as a defendant, at least on the state law claim, since only intentional wrongdoing is alleged against the two officers. 42 Pa. C.S. §8550.

The immunity extended to minor judicial officers is even more absolute under federal law:

"It is a settled rule that a judge is not liable for acts performed in a judicial capacity even though his acts are in excess of his jurisdiction and done maliciously, corruptly or arbitrarily. Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Justices of the Peace, it is also well established, fall within the ambit of this doctrine See Pritt v. Johnson, 264 F.Supp. 167, 170 (M.D. Pa. 1967); Hohensee v. Hart, Civil No. 76-464 (M.D., Pa., June 22, 1976)." Fox v. Castle, 441 FS 411 (M.D., Pa. 1977). Whether or not there was probable cause for issuing a warrant for plaintiff's arrest, District Justice Vendetti is immune from any liability in this case under federal law.

## ORDER

And now, this September 29, 1982, it is ordered that the preliminary objections in the nature of demurrers by all defendants are sustained, and the complaint is dismissed.