Albert J. KELLY

v.

**CITY OF PHILADELPHIA and William J. Green, Mayor of Philadelphia and W. Wilson Goode, Managing Director and Anthony D'Amato, Personnel Director and Civil Service Commission and Leonard L. Ettinger, Chairman, Civil Service Commission and Harry A. Bailey, Jr., Secretary, Civil Service Commission and Morton B. Solomon, Police Commissioner, City of Philadelphia.**

C.A. No. 82–2751.

United States District Court,
E.D. Pennsylvania.

Oct. 19, 1982.

Alfonso Tumini, Philadelphia, Pa., for plaintiff.

Russell Endo, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

The plaintiff, Albert Kelly, brings this action under 42 U.S.C. § 1983 alleging that he has been deprived of his property interest in his employment due to a wrongful dismissal by the defendants, acting under color of state law and acting within the scope of their authority as municipal officers and government units. Having already been reinstated, the plaintiff seeks back pay or other emoluments which he claims that he is entitled to as a result of his wrongful dismissal, in addition to other damages. Named as defendants are the City of Philadelphia, ("Philadelphia"), William J. Green, Mayor of Philadelphia, W. Wilson Goode, Managing Director of Philadelphia, Anthony D'Amato, Personnel Director of the Civil Service Commission ("Commission"), Leonard L. Ettinger, Chairman of the Commission, Harry A. Bailey, Jr., Secretary of the Commission, and Morton B. Solomon, Police Commissioner of Philadelphia. These defendants have filed a Motion to Dismiss the plaintiff's complaint for lack of subject matter jurisdic-

tion. This court denies the motion for the reasons which follow.

The facts are simple and uncontradicted. In December, 1981, the plaintiff was employed as a detective with the Philadelphia Police Department. He received a dismissal notice on December 16, 1981[1] from the Police Commissioner for not residing in Philadelphia. The dismissal became effective on December 26, 1981. The plaintiff wrote to the Police Commissioner protesting his dismissal, offering proof of his residing in Philadelphia, and seeking reinstatement. However, the Police Commissioner never responded.

The plaintiff then appealed the Police Commissioner's decision to dismiss the plaintiff to the Commission. Hearings were held in May 1982. The Commission concluded that the defendants could not prove their allegations against the plaintiff. Instead, the evidence was "clear" that the plaintiff "did not exhibit an intention to permanently reside outside the jurisdiction of Philadelphia County." Therefore, the plaintiff should not have been dismissed and should be reinstated to his former position. However, the Commission also concluded that the reinstatement should be without back pay or other emoluments because the plaintiff used "poor judgment" in not informing the Police Department "of the problems involving his children and of the fact that their welfare required relocation."

The plaintiff filed the instant action on June 25, 1982 claiming that the actions of the defendants violated the Fifth and Fourteenth Amendments of the Constitution by depriving him of his property without cause and without due process and equal protection, and claiming that he is entitled to back pay and other emoluments as a result of his wrongful discharge. The defendants claim that the action is barred by Pennsylvania's statute of limitations and by principles of res judicata. Furthermore, according to the defendants, the action must fail because the plaintiff's claims may be heard in another court pursuant to state administrative remedies.

Addressing first the question of the statute of limitations, this court cites the well-settled rule that because 42 U.S.C. § 1983 contains no statute of limitations, "the limitation to be applied is that which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law." *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Skehan v. Board of Trustees,* 590 F.2d 470, 476 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *Polite v. Diehl,* 507 F.2d 119, 122 (3d Cir.1974).

■ The plaintiff's claim of wrongful discharge is best analogized to " 'those torts which involve the wrongful interference with another's economic rights or interests.' " *Skehan v. Board of Trustees, supra,* 590 F.2d at 477, quoting *Davis v. United States Steel Supply,* 581 F.2d 335, 339 (3d Cir.1978). More specifically, a claim based on an unconstitutional discharge is most like the tort cause of action for wrongful discharge of at-will employees. *See Davis v. United States Steel Supply, supra,* 581 F.2d at 341, n. 7; *Boresen v. Rohm & Haas,* 526 F.Supp. 1230, 1231, 1232 (E.D.Pa.1981); *Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974); *Yaindl v. Ingersoll-Rand Co.,* 281 Pa.Super. 560, 422 A.2d 611 (1980).

A review of the various Pennsylvania statute of limitations schemes fails to reveal any specific scheme applicable to claims for the specific tort of wrongful discharge. The recent case of *Clyde v. Thornburgh,* 533 F.Supp. 279 (1982), which was decided in this district, provides some guidance. *Clyde* involved an action brought by a discharged state employee against state officials pursuant to 42 U.S.C. § 1983 claiming an unconstitutional discharge. The court determined that the discharge was "most akin to the tort cause of action for wrongful discharge of at-will employees." 533 F.Supp. at 285. The court noted the

---

1. This date is contained in both memoranda     from plaintiff and defendant.

lack of a Pennsylvania limitation scheme for such a cause of action; however, the court also noted that limitation schemes of residuary statutes have often been held applicable. *Id.* at 286. The *Clyde* court then applied the six-month statute of limitations contained in the residuary statute of 42 Pa.Cons.Stat. § 5522(b)(1) to the action brought under 42 U.S.C. § 1983 claiming an unconstitutional discharge.

■ Applying these principles to the case *sub judice,* it is clear that the six-month statute of limitations contained in the residuary statute of 42 Pa.Cons.Stat. § 5522(b)(1) is applicable to the plaintiff's claims against the officers of the government units, as the claims against William J. Green, W. Wilson Goode, Anthony D'Amato, Leonard L. Ettinger, Harry A. Bailey, Jr., and Morton B. Solomon. It is also clear that the two-year statute of limitations contained in 42 Pa.Cons.Stat. § 5524(2) is applicable to the plaintiff's claims against the Commission and Philadelphia.

Both these statutes base the accrual date of a cause of action on the date of the occurrence of the "injury". Section 5522(a) begins with the words that "within six months from the date that any injury was sustained or any cause of action accrued" to describe the time in which a plaintiff must begin his action. The other provisions of the section also use the word "injury" to describe the accrual date of the cause of action. Similarly, Section 5524(2) bases its accrual date upon the "injury". 42 Pa.Cons.Stat. § 5524(2) is derived from 12 P.S. § 34, which prior to its repeal provided in pertinent part:

§ 34. Limitation in cases of personal injury

Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done, and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law. 1895, June 24, P.L. 236, § 2.

■ In the case *sub judice,* the accrual date of the plaintiff's cause of action was the date when the "injury" took place—when his discharge became effective. This is when the right of action became complete and therefore is the accrual date of the cause of action. *Sicola v. First National Bank of Altoona,* 404 Pa. 18, 170 A.2d 584 (1961). The plaintiff's discharge became effective on December 26, 1981, or ten days after the notice of dismissal was given. The complaint was filed on June 25, 1982. Therefore, the plaintiff commenced suit within the limitations set by both statutes, and the action is not barred by the statute of limitations.

■ This court next addresses the question of whether the plaintiff's action is barred by the doctrine of *res judicata.* According to this doctrine, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. National Screen Service Corporation,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955), quoted in 1B *Moore's Federal Practice* ¶ 0.405. In the case *sub judice,* the plaintiff is not requesting this court to review the Commission's decision concerning his wrongful discharge. Instead, the plaintiff seeks the redress of Constitutional infractions and equitable and monetary relief as a result of these infractions. These issues have not been litigated previously nor have the defendants been involved in a litigation with the plaintiff previously. Therefore, the present action is not barred by the principles of *res judicata.*

■ Finally, this court addresses the question of whether the plaintiff must bring this action in another court pursuant to state administrative remedies. Even if the Philadelphia Court of Common Pleas does have the power to redress the Constitutional grievances, the plaintiff is not limited in seeking relief pursuant to the Local Agency Law in the Philadelphia Court system. The plaintiff may choose to have his § 1983 grievances heard in the United States District Court without having ex-

hausted his state administrative remedies. According to the recent United States Supreme Court case of *Patsy v. Board of Regents of the State of Florida,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), exhaustion of state administrative remedies is not a prerequisite to a § 1983 action.