741 F.2d 32
 117 L.R.R.M. (BNA) 3400
 Francis W. FITZGERALD, Appellant,
v.
Thomas LARSON, Individually and as Secretary of the
Pennsylvania Department of Transportation; John Harhigh,
Individually and as Director of the Bureau of Human
Resources; Robert Rowland, Individually and as District
Engineer, Engineering District 6-0; Samuel Arrigo,
Individually and as Maintenance Manager, Maintenance
District 6-1, Buck County; Louis O'Brien, Individually and
as Director Bureau of Maintenance; Joseph Wade,
Individually and as Assistant District Engineer; Honorable
Richard Thornburgh, Individually and as Governor of the
Commonwealth of Pennsylvania.
 No. 83-3493.
 United States Court of Appeals,
Third Circuit.
 Argued May 25, 1984.
Decided Aug. 20, 1984.
 
 Ronald Jay Smolow, Trevose, Pa., for appellant.
 James J. Kutz, Deputy Atty. Gen. (argued), LeRoy S. Zimmerman, Atty. Gen., Andrew S. Gordon, Allen C. Warshaw, Deputy Attys. Gen., Chief, Litigation Section, Harrisburg, Pa., for appellees.
 Before GARTH, SLOVITER, Circuit Judges, and FISHER, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 The issue for decision is which of Pennsylvania's statutes of limitations applies to plaintiff's claim that he was wrongfully discharged by his employers, Pennsylvania state officials, in violation of his First Amendment rights.
 
 I.
 
 2
 Francis Fitzgerald was employed by the Pennsylvania Department of Transportation (PennDOT) in a nontenured position until his dismissal on June 7, 1979. He brought this suit on May 5, 1982 against several PennDOT officials in their individual and official capacities, alleging violation of 42 U.S.C. Secs. 1983, 1985, 1986 and 1988.[1] Fitzgerald asserts that the sole reason for his dismissal was his affiliation with the Democratic Party, and claims that his employment was thereby wrongfully terminated; he seeks reinstatement, backpay and benefits, and attorney's fees and costs.
 
 
 3
 The defendants moved to dismiss the action as barred by the applicable statute of limitations. They claimed that this was an action against government officials controlled by a six-month residuary provision set forth in 42 Pa.Cons.Stat.Ann. Sec. 5522(b)(1), or, alternatively, an action for personal injury governed by the two-year period set forth in 42 Pa.Cons.Stat.Ann. Sec. 5524(2). Fitzgerald, on the other hand, characterizes his claim as analogous to wrongful interference with economic relations and breach of an at-will employment contract. He maintains that since none of the specific limitations periods, including the two-year personal-injury provision, applies to his claim, it is governed by the six-year residuary statute of limitations then set forth in 42 Pa.Cons.Stat.Ann. Sec. 5527(6) (current version at 42 Pa.Cons.Stat.Ann. Sec. 5527 (Purdon Supp.1984)).
 
 
 4
 The district court agreed with defendants. In dismissing Fitzgerald's action, the court held that his claim was "analogous to the intentional infliction of emotional distress," both because Fitzgerald had "no contractually protected property or economic right" and because "the gravamen of [his] charge is the emotional distress which burdens [his] right to exercise his political rights." The court therefore held that the action was barred by Pennsylvania's two-year statute of limitations applicable to personal injuries. Fitzgerald appeals, and we reverse.
 
 II.
 
 5
 In Burnett v. Grattan, --- U.S. ----, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984), Justice Marshall, speaking for the Court, set forth the process that the federal courts must follow in determining the rule of decision to be applied in actions brought under the Reconstruction-era Civil Rights Acts, 42 U.S.C. Sec. 1981 et seq., when the statutes do not contain an applicable rule. He said:
 
 
 6
 In the absence of specific guidance, Congress has directed federal courts to follow a three-step process to borrow an appropriate rule. 42 U.S.C. Sec. 1988. First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." Ibid. If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum state. Ibid. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States." Ibid.
 
 
 7
 --- U.S. at ----, 104 S.Ct. at 2928-29, 82 L.Ed.2d at 43-44 (footnote omitted). Congress has not prescribed a limitations period for actions brought under Secs. 1983, 1985, and 1988. Because it is "now settled that federal courts will turn to state law for statutes of limitations in actions brought under [the Reconstruction-era Civil Rights Acts]."[2] id., we look to Pennsylvania's law of limitations.
 
 
 8
 The parties place before us three Pennsylvania statutes of limitations: (1) the six-month residuary provision controlling actions against government officials that do not fall within a specific provision, 42 Pa.Cons.Stat.Ann. Sec. 5522(b)(1); (2) the two-year limitation period for actions "to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another," 42 Pa.Cons.Stat.Ann. Sec. 5524(2); or (3) a general residuary statute providing for a six-year limitation for actions that do not fall within a specific provision. 42 Pa.Cons.Stat.Ann. Sec. 5527(6) (1978) (amended 1980 and 1982) (current version at 42 Pa.Cons.Stat.Ann. Sec. 5527 (Purdon Supp.1984)).
 
 
 9
 In Knoll v. Springfield Township School District, 699 F.2d 137 (3d Cir.1983), cert. granted, --- U.S. ----, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984), we held that the six-month limitation period governing actions against government officials cannot be applied to Sec. 1983 actions because it is too short to serve the remedial purpose of the federal civil rights statutes. 699 F.2d at 142. See also Perri v. Aytch, 724 F.2d 362, 368 (3d Cir.1983); Johnson v. Swyka, 699 F.2d 675, 675-76 (3d Cir.1983) (per curiam), petition for cert. filed. 52 U.S.L.W. 3071 (May 19, 1983).
 
 
 10
 After Knoll was decided, the Supreme Court held in Burnett that it was inappropriate to borrow the limitations period from an administrative employment discrimination statute for actions against public officers under the Civil Rights Acts. --- U.S. at ----, 104 S.Ct. at 2932, 82 L.Ed.2d at 47. The Court observed that,
 
 
 11
 the legislative choice of a restrictive six-month limitations period [appears to] reflect[ ] in part a judgment that factors such as minimizing the diversion of State officials' attention from their duties outweigh the interest in providing employees ready access to a forum to resolve valid claims. That policy is manifestly inconsistent with the central objective of the Reconstruction-era Civil Rights statutes, which is to ensure that individuals whose federal Constitutional or statutory rights are abridged may recover damages or secure injunctive relief.
 
 
 12
 Id. This court's decision in Knoll similarly emphasized the remedial objective of the Civil Rights Acts. Thus, use of the six-month statute is precluded by this court's decision in Knoll. See IOP Chapter 8[C].[3]
 
 
 13
 Unlike those circuits that have selected one of the state's statutes of limitations as applicable uniformly to all Sec. 1983 actions, see, e.g., Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir.1984) (in banc); Pauk v. Board of Trustees, 654 F.2d 856, 866 (2d Cir.1981); Beard v. Robinson, 563 F.2d 331, 336-38 (7th Cir.1977), cert. denied, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978); Smith v. Cremins, 308 F.2d 187, 190 (9th Cir.1962), this court has analyzed the particular claim in suit on an ad hoc basis, focusing on "the relief sought and the type of injury alleged." Aitchison v. Raffiani, 708 F.2d 96, 101 (3d Cir.1983). Accord McGhee v. Ogburn, 707 F.2d 1312, 1313-14 (11th Cir.1983); Shaw v. McCorkle, 537 F.2d 1289, 1293 (5th Cir.1976); Cf. McClam v. Barry, 697 F.2d 366 (D.C.Cir.1983) (Bivens action). The divergent views among the circuits have been fully explored in Garcia v. Wilson, 731 F.2d at 643-48.
 
 
 14
 Our approach has been to characterize "the essential nature of the federal claim within the scheme created by the various state statutes of limitation." Davis v. United States Steel Supply, 581 F.2d 335, 337 (3d Cir.1978); see also Knoll, 699 F.2d at 140. Then we look to "the limitation ... which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law." Meyers v. Pennypack Woods Home Ownership Association, 559 F.2d 894, 900 (3d Cir.1977) (quoting Polite v. Diehl, 507 F.2d 119, 122 (3d Cir.1974) (in banc)). Thus, for example, we have held that those portions of a plaintiff's Sec. 1983 claim alleging unconstitutional detention and incarceration were governed by Pennsylvania's one-year statute of limitations relating to actions for false arrest; that the portion of his claim alleging physical and other abuse by state policemen as well as the claim for a guilty plea coerced by physical abuse were governed by Pennsylvania's two-year personal injury statute; and that the claim for unlawful seizure of plaintiff's automobile was analogous to and governed by the state's six-year statute for actions for the recovery of goods. Polite v. Diehl, 507 F.2d at 122-23.
 
 
 15
 Defendants maintain that Fitzgerald's claim most nearly resembles a personal injury in the nature of intentional infliction of emotional distress. However, in Knoll, which involved a suit by a school teacher who was denied promotions to several administrative positions and claimed employment discrimination on the basis of gender, we observed: "Review of the new Pennsylvania limitations schema ... fails to reveal any provision expressly applicable to claims for the torts of wrongful discharge or interference with contractual or economic rights." 699 F.2d at 141. Accordingly, we applied the six-year residuary provision. The district court in this case distinguished Fitzgerald's claim from Knoll's by characterizing Fitzgerald's claim as a First Amendment claim for infringement of his freedom of association, an intangible right, and Knoll's claim as one for infringement of a contractually protected property or economic right in his job, a primarily economic right.
 
 
 16
 We do not accept such a distinction. We conclude, instead, that Fitzgerald's claim, like Knoll's, is for unlawful employment discrimination, and that the rights allegedly infringed are primarily economic ones. Whatever emotional distress Fitzgerald may have experienced as a result of the exercise of his First Amendment rights, it is undisputed that he also suffered tangible economic losses--his job as well as lost wages and benefits--and, indeed, it is these losses that form the basis of his suit.
 
 
 17
 This is consistent with the approach we have used in other employment discrimination cases, where we stressed the economic nature of the injury for which suit was brought. In Davis v. United States Steel Supply we said: "Essentially, Mrs. Davis complains that [her employer] demeaned her and fired her because of her race. In terms of legal relief, plaintiff's complaint does not seek damages for either property or bodily injury. The complaint seeks back wages and fringe benefits lost as a result of her firing." 581 F.2d at 338. In Skehan v. Board of Trustees, 590 F.2d 470 (3d Cir.1978), cert. denied, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979), the plaintiff claimed his contract had not been renewed by officials of Bloomsburg State College because of the exercise of his First Amendment rights in regard to his political activities. We held that Skehan's claim "most resembled the state law claim of wrongful interference with a contract, and that it did not seek damages for a bodily injury but rather for economic loss." Id. at 477.
 
 
 18
 Defendants argue that Davis and Skehan are inapplicable because they were decided under a prior specific limitations provision repealed by the time relevant to this action. We had construed that earlier provision to cover personal injuries of a bodily nature only. Act of June 24, 1895, P.L. 236, Sec. 2, 12 P.S. Sec. 34 (amended 1976) (current version at 42 Pa.Cons.Stat.Ann. Sec. 5524 (Purdon Supp.1984). See Meyers v. Pennypack Woods Home Ownership Association, 559 F.2d 894, 902 (3d Cir.1977) (provision limited to bodily injury). It is true, as defendants suggest, that our conclusion in Skehan that the plaintiff's claim did not involve bodily injury focused on the absence of bodily injury. 590 F.2d at 476-77. Nevertheless, our conclusion in Skehan that the claim there, which is virtually indistinguishable from the claim asserted in this case, essentially involved economic injury is still applicable. Indeed, in Knoll we characterized the claim in Skehan as "a claim of employment discrimination" and confirmed that in Skehan "[w]e ... analogized [this claim] brought under the federal Civil Rights Acts, to 'those torts which involve the wrongful interference with another's economic rights or interests.' " 699 F.2d at 141 (quoting Skehan, 590 F.2d at 477). Moreover, the plaintiff in Skehan was nontenured, like Fitzgerald. Thus, contrary to the district court's conclusion, it in no way detracts from the essentially economic nature of Fitzgerald's claim that he may have lacked a contractually protected property or economic right.
 
 III.
 
 19
 In accordance with this court's focus on ascertaining the state analog to the specific facts underlying the claim, we find that Fitzgerald's claim is essentially economic in nature. Consequently, we conclude that a Pennsylvania court would not apply a statute of limitations applicable to personal injuries. Because there is "[no Pennsylvania limitation] provision expressly applicable to claims for the torts of wrongful discharge or interference with contractual or economic rights." Knoll, 699 F.2d at 141, we hold that the appropriate limitations period is that found in 42 Pa.Cons.Stat.Ann. Sec. 5527(6) (current version at 42 Pa.Cons.Stat.Ann. Sec. 5527 (Purdon Supp.1984)), which provides for a six-year limitation for civil actions not subject to another specified limitation. Accordingly, Fitzgerald's claim was timely filed.
 
 
 20
 For the foregoing reasons we will reverse the dismissal of this action and will remand it to the district court for further proceedings.
 
 
 
 *
 Hon. Clarkson S. Fisher, Chief Judge, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 This action was commenced in the Commonwealth Court of Pennsylvania and removed by defendants to the United States District Court for the Eastern District of Pennsylvania. An earlier suit brought by plaintiff in federal court naming defendants only in their official capacities has been suspended by stipulation of the parties pending the outcome of the present action
 
 
 [2]
 Only 42 U.S.C. Sec. 1986 contains a statute of limitations, namely, a one-year provision
 
 
 [3]
 Defendants have moved that we hold this appeal pending the Supreme Court's disposition in Knoll. Because the petition for certiorari was granted on July 2, 1984, it is unlikely that a decision from the Supreme Court will be forthcoming before the Spring of 1985. Plaintiff argues that he would be prejudiced by a delay because of defendants' position that recovery for past wages would be precluded by the Eleventh Amendment. Without ruling on that issue, we have concluded that it would be more expeditious to remand so that the action may proceed in the district court