Sandra BRADERMAN, Plaintiff,

v.

PENNSYLVANIA HOUSING FINANCE AGENCY, Commonwealth of Pennsylvania, et al., Defendants.

Civ. A. No. 84–1244.

United States District Court, M.D. Pennsylvania.

June 18, 1985.

As Amended June 25, 1985.

See also 598 F.Supp. 834.

Greg Knight, Tive, Hetrick & Pierce, P.C., Harrisburg, Pa., for plaintiff.

Gregory R. Neuhauser, Dist. Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

Defendants, Pennsylvania Housing Finance Agency (PHFA), Harold Dunbar, PHFA's former chief counsel, and Trudy Baum, PHFA's Director of Personnel, have filed a motion for summary judgment. Based upon the recent United States Supreme Court decision in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), defendants contend that plaintiff, Sandra Braderman's, civil rights claims under 42 U.S.C. § 1983 are barred by the two year Pennsylvania statute of limitations for personal injury actions. *See* 42 Pa.C.S. § 5524. Conceding that the affect of the *Wilson* decision would be to bar her federal claims by application of that state statutory section, *see Knoll v. Springfield Township School District,* 763 F.2d 584, (3d Cir.1985) (deciding on remand from the Supreme Court that 42 Pa.C.S. § 5524 applies to 42 U.S.C. § 1983 actions), plaintiff argues that the decision should not be applied retroactively. She also contends that, in any event, application of the "discovery rule," adopted by Pennsylvania

in determining when the limitations period for personal injuries has run, leads to the conclusion that her civil rights claims are timely under *Wilson*.[1]

## II. *Discussion.*

Braderman's section 1983 claims are based upon her discharge from her position as a legal secretary at PHFA in alleged violation of her First Amendment right to freedom of association and her Fourteenth Amendment right to due process. Her complaint, also making state constitutional and state law claims for relief, was filed on September 19, 1984, and alleges that she was fired on August 7, 1981. (Complaint, ¶¶ 8, 25). In *Wilson v. Garcia, supra,* the Supreme Court held that all section 1983 actions would be governed by the state statute of limitations applicable to personal injury actions. Hence, it would appear that Braderman's claim is time barred because she filed her complaint approximately three years and two weeks after her discharge and one year and two weeks after the Pennsylvania limitations period for personal injury claims had run. *See* 42 Pa.C.S. § 5524.

Plaintiff argues, however, that when she filed her complaint, it was timely under the law then in effect in the Third Circuit. Under the test set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for determining when a decision should be applied retroactively, she contends that *Wilson* should not be applied to bar her claim. Conversely, defendants contend that the general rule requires the court to apply the law in effect at the time of its decision. *See Perez v. Dana Corporation,* 718 F.2d 581 (3d Cir. 1983). They request summary judgment on the federal claims and dismissal of the state claims for lack of pendent jurisdiction since the federal claims are barred. To apply the *Chevron* test we must do the following:

> First, we must determine whether the decision establishes "a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Second, we must look to the prior history of the decision in question, and to its purpose and effect, to ascertain "whether retrospective operation will further or retard its operation." *Id.* at 106–07, 92 S.Ct. at 355–356 (quoting *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965) ); *Marino v. Bowers,* 657 F.2d 1363, 1365 (3d Cir.1982). Third, we must weigh "the inequity imposed by retroactive application." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355.

*Perez, supra,* at 585 (3d Cir.1983).

### A. *The Chevron Test.*

### 1. *Wilson's Change From Prior Law.*

■ Plaintiff contends that *Wilson* established a new principle of law which overruled clear past precedent in the Third Circuit. She cites *Knoll v. Springfield Township School District,* 699 F.2d 137 (3d Cir. 1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984), *vacated,* —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985), *on remand,* 763 F.2d 584, (3d Cir.1985) and *Fitzgerald v. Larson,* 741 F.2d 32 (3d Cir.1984),[2] to support her claim that the law of the Third Circuit prior to *Wilson* clearly gave her six years from the accrual of her cause of action to bring suit.[3]

We disagree. The Third Circuit Court of Appeals noted in *Knoll* itself that:

> Review of the new Pennsylvania limitations schema, however, fails to reveal

---

**1.** Defendants did not raise in their motions to dismiss but did assert that defense in their answers. Hence, the defense has been properly preserved in this litigation.

**2.** *Certiorari* was granted and the judgment of the circuit court was vacated in *Fitzgerald* by order of the Supreme Court, dated April 22, 1985.

**3.** Plaintiff argues that we should compare *Wilson* to the law in effect at the time of the *Wilson* decision and defendants argue that we should compare it to the law in effect at the time the cause of action accrued. We need not decide this question because we believe that *Wilson* applies retroactively whether or not *Knoll* and *Fitzgerald* are considered part of the prior law. *See Perez, supra* at 585 n. 5.

any provision expressly applicable to claims for the torts of wrongful discharge or interference with contractural or economic rights. [citations omitted]. Further, courts considering these torts have ascertained the applicable limitations period by reference to the two residuary provisions of the limitations scheme—the six-month and the six-year statutes of limitations—which control only when the nature of the dispute falls outside one of the more specific limitations provisions. *Compare Clyde v. Thornburgh,* 533 F.Supp. 279 (E.D.Pa. 1982) (six-month limitations period applicable to § 1983 action) *with Riddick v. Cuyler,* [523 F.Supp. 258] (E.D.Pa.1981) (six-year limitations period applicable to § 1983 action).

*Id.* at 141.

Thus, prior to the time of the *Knoll* decision, there was no clear rule of law dealing with the limitations period for civil rights actions arising from the wrongful discharge of public employees.

Further, as noted by the court of appeals in *Smith v. City of Pittsburgh,* 764 F.2d 188, (3d Cir.1985), holding that *Wilson* applied retroactively to bar the plaintiff's section 1983 claim of a racially motivated discharge:

Smith filed his suit in March 1982. As of that time, this court had not chosen the appropriate Pennsylvania statute of limitations for a claim of unconstitutional termination of employment without due process. Moreover, the district courts in this circuit were thoroughly divided on the question both before and throughout the period between Smith's termination and his filing of this suit. Several decisions applied the two-year Pennsylvania personal injury limitation now applicable to all § 1983 actions. *See Kelly v. City of Philadelphia,* 552 F.Supp. 574, 577 (E.D.Pa.1982), *aff'd mem.,* 725 F.2d 668

(3d Cir.1983); *Mazur v. Department of Revenue,* 516 F.Supp. 1328, 1332 (M.D. Pa.1981), *aff'd mem.,* 681 F.2d 807 (3d Cir.1982); *West v. Williamsport Area Community College,* 492 F.Supp. 90, 98 (M.D.Pa.1980); *Eubanks v. Clarke,* 434 F.Supp. 1022, 1029–30 (E.D.Pa.1977). Some applied, in whole or in part, a six-month residuary limit established by 42 Pa.Cons.Stat.Ann. § 5522(b)(1) for claims against state officers not covered by another limitation period. *Cf. Clyde v. Thornburgh,* 533 F.Supp. 279, 286 (E.D. Pa.1982) (applying six-month limit to discharge for violation of First Amendment rights); *Kelly v. City of Philadelphia,* 552 F.Supp. at 577 (applying six-month rule to portion of procedural due process claim and two-year rule to remainder). We have discovered only one published district court opinion that assumes that the appropriate limitation was six years. *See Yatzor v. Allen,* 365 F.Supp. 875, 876 (W.D.Pa.1973).

*Id.,* at 194–195.

Plaintiff, of course, could argue that this was pre-*Knoll* law but the Supreme Court granted *certiorari* in *Knoll* and plaintiff should therefore have anticipated, as events proved, that the Court might reverse it. In regard to *Fitzgerald, supra,* that case, decided on August 20, 1984, approximately one month before plaintiff filed her complaint, is simply too late for plaintiff to claim reliance upon it to preserve a cause of action accruing on August 7, 1981.[4] We conclude that plaintiff could not have justifiably relied on case law decided prior to *Wilson* that she had six years within which to file her complaint. Accordingly, plaintiff has failed to satisfy the first part of the *Chevron* test.[5]

2. *Retrospective Operation of Wilson as Furthering or Retarding its Operation.*

In *Wilson* the Supreme Court adopted the borrowing of state statutes of limita-

---

**4.** As noted, plaintiff argues that, under the discovery rule, her cause of action accrued at a later date but, for the reasons set forth later in this memorandum, we reject plaintiff's discovery rule argument.

**5.** *Jackson v. City of Bloomfield,* 731 F.2d 652 (10th Cir.1984) (en banc), cited by plaintiff, is therefore distinguishable because the Tenth Circuit Court of Appeals concluded there that its decision in *Garcia v. Wilson,* 731 F.2d 643 (10th

tions for personal injuries to further "the federal interests in uniformity, certainty, and the minimization of unnecessary litigation." — U.S. at ——, 105 S.Ct. at 1946, 85 L.Ed.2d at 266. In *Smith, supra,* the court held that two of these goals, promoting uniformity and the minimization of unnecessary litigation, "would be served by applying the two-year statute of limitations to all plaintiffs, whether or not their claims are already in litigation, if the other *Chevron* factors favor such a result." *Id.,* at 196. The court went on to state that "[a]lthough we cannot say that the policies referred to in *Wilson v. Garcia* militate clearly in favor of retrospective application, neither do they militate against such application." *Id.* (brackets added). The second part of the *Chevron* test therefore does not favor plaintiff.

### 3. *The Equities of Retroactive Application.*

The third part of the *Chevron* test often involves the same factors as the first part. Thus, plaintiff argues that the equities are in her favor because she justifiably relied upon *Knoll, supra,* and *Fitzgerald, supra.* We have rejected this argument in discussing the first part of the test. The judgments in *Knoll* and *Fitzgerald* had never become final. The defendants, noting that fact, raised the statute of limitations defense at an appropriate time. We conclude that we would not be penalizing plaintiff, see *Marino v. Bowers,* 657 F.2d 1363 (3d Cir.1981), if we applied *Wilson* retroactively.

### B. *Plaintiff's Cause of Action Accrued on the Date of Her Discharge and the Discovery Rule is Inapplicable to This Case.*

■ Pennsylvania has adopted the so-called discovery rule in connection with the personal injury statute of limitations. The statute will begin to run from the time the plaintiff has discovered or reasonably should have discovered the cause of harm. *See Hunsicker v. Connor,* 318 Pa.Super. 418, 465 A.2d 24 (1983). We apply the discovery rule here because state law also governs in a civil rights action whether the state statute of limitations has been tolled. *See Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir.1974); *Gee v. CBS, Inc.,* 471 F.Supp. 600 (E.D.Pa.1979), *aff'd mem.,* 612 F.2d 572 (3d Cir.1979). Plaintiff argues that she could not have reasonably discovered her federal cause of action until at least October 4, 1983. On that date, in connection with plaintiff's unemployment compensation claim, the Pennsylvania Commonwealth Court, rejecting a claim of attorney client privilege by Dunbar and PHFA, ruled that she could have access to correspondence between Dunbar and Robert Ross, a deputy general counsel in the Governor's office. *Okum v. Commonwealth, Unemployment Compensation Board of Review,* 77 Pa.Commw. 386, 465 A.2d 1324 (1983). The correspondence allegedly revealed for the first time that Ross had authorized Dunbar to fire Braderman. Hence, the requisite "state action" for a section 1983 claim, the authorization from the deputy general, counsel, was only discovered or discoverable at the earliest on October 4, 1983. Plaintiff's complaint, filed on September 19, 1984, was accordingly timely under *Wilson.*

■ We could argue with plaintiff's tacit assumption that defendants' conduct did not constitute state action for the purposes of section 1983 and that only conduct by someone clearly representing the state, in this case someone from the executive

Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), would be applied prospectively only because, in part, the decision rejected "an approach that prior decisions of [the] court had expressly adopted and applied." 731

branch, could do so.[6] Instead of getting into a lengthy analysis of what constitutes "state action" or action "under color of state law," however, we believe that we need only look as far as plaintiff's complaint to dispose of her discovery argument. In paragraph 25 she alleges the following (emphasis added):

> Mrs. Braderman had no further discussions with her PHFA employers about this transfer until Friday, August 7, 1981 at approximately 4:15 P.M., *when she was told that Mr. Dunbar had written a letter to Robert Ross*, General Counsel Office, Commonwealth of Pennsylvania, requesting authority to fire her; *that Mr. Ross had given Dunbar permission to do so;* and that she would be fired by Dunbar before close of that business day.

Plaintiff has therefore admitted that she discovered Ross's involvement in her discharge on the same day she was fired, August 7, 1981. Accordingly, the statute of limitations began to run from that date and plaintiff's discovery argument must be rejected.

C. *The Remaining State Law Claims Must Be Transferred.*

The plaintiff's federal claims, all pursued under 42 U.S.C. § 1983, are barred by Pennsylvania's two year statute of limitations on personal injury actions. The remaining claims in counts III through VI of the complaint are state law claims based upon state constitutional provisions or the state common law. Because plaintiff no longer has federal causes of action, it is now inappropriate to exercise pendent jur-

isdiction over the state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Kleinberger v. Allen Products Co., Inc.*, 581 F.Supp. 941 (E.D.Pa.1984). To avoid any statute of limitations problems, however, we will transfer counts III through VI to the Court of Common Pleas of Dauphin County, Pennsylvania.[7] *See Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982); *Losch v. Borough of Parkesburg*, 566 F.2d 282 (E.D.Pa.1983), *rev'd on other grounds*, 736 F.2d 903 (3d Cir.1984).

We will issue an appropriate order.[8]

---

F.2d at 654 (brackets added). *See also Smith, supra*, at 195–196.

**6.** We did rule in our previous memorandum in this case that PHFA was not a part of the Commonwealth of Pennsylvania for Eleventh Amendment purposes, *see Braderman v. Pennsylvania Housing Finance Agency*, 598 F.Supp. 834 (M.D.Pa.1984), but we also noted there that the question of state action was not disposed of by our Eleventh Amendment analysis. *Id.* at 842 n. 5.

**7.** The court of common pleas has jurisdiction because PHFA is not a part of the Common-

wealth for the purposes of invoking the original jurisdiction of the Commonwealth Court under 42 Pa.C.S. § 761. *See Pennsylvania Housing Finance Agency v. Abreen Corp.*, 84 Pa.Commw. 571, 480 A.2d 335 (1982).

**8.** Pursuant to our order, dated May 28, 1985, the parties filed their other pre-trial motions. We have reviewed the other motions and have decided that we need not discuss them in light of our conclusion on the statute of limitations question.