James R. BARTHOLOMEW, Appellant,

v.

Frank FISCHL and City of
Allentown, Appellees.

No. 85–1355.

United States Court of Appeals,
Third Circuit.

Argued Jan. 8, 1986.
Decided Feb. 7, 1986.

Richard J. Orloski, (argued), Calnan & Orloski, P.C., Allentown, Pa., for appellant.

Joan R. Sheak, (argued), Klehr, Harrison, Harvey, Branzburg Ellers & Weir, Allentown, Pa., for appellees.

Before ADAMS, SLOVITER and MANSMANN, Circuit Judges.

ADAMS, Circuit Judge.

Appellant, an officer of a bureau of health sponsored by two cities, brought this action under 42 U.S.C. § 1983 (1982) against one of the cities and its mayor, claiming that his rights under the due process clause and the first amendment were violated when the health bureau was abolished and he thereby lost his position. The district court, 602 F.Supp 946, after permitting appellant to amend the complaint, dismissed his claim against the city for failure to allege sufficiently specific facts to support a finding of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It also permitted the defendants to amend their answer to assert an affirmative defense under the one-year state statute of limitations governing defamation actions, 42 Pa.Cons.Stat.Ann. § 5523(1) (Purdon Supp.1985), more than two years after the suit was filed, and granted summary judgment for the individual defendants on the grounds that the action was time-barred. Subsequently, the Supreme Court handed down its decision in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that state personal injury statutes of limitations are applicable in § 1983 suits. Pennsylvania's personal injury statute of limitations allows plaintiffs two years to bring their actions. 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon Supp.1985).

We hold that appellant's complaint was improperly dismissed against the city for failure to plead a cause of action with sufficient particularity. We further conclude that *Wilson v. Garcia* should be applied retroactively to appellant's case, and that the lawsuit is therefore controlled by the two-year statute of limitations applicable in personal injury suits, rather than by the one-year defamation statute. Because appellant's action was timely filed under the personal injury statute of limitations, the order of the district court dismissing his suit will be vacated and the matter remanded.

I.

Appellant James R. Bartholomew was appointed Acting Executive Director of the BiCity Health Bureau (BCHB) created by the cities of Allentown and Bethlehem, Pennsylvania, in 1974. The BCHB was established in 1964 by joint action of Allentown and Bethlehem, pursuant to Pennsylvania's Local Health Administration Law, 16 Pa.Cons.Stat.Ann. § 12001 *et seq.* (Purdon 1956 & Supp.1985). The Bureau was independent of the two cities and of their mayors, receiving its funding from the Pennsylvania Department of Health, and was governed by the BiCity Board of Health, which consisted of members appointed by the cities of Allentown and Bethlehem. In his capacity as Acting Executive Director, Bartholomew reported to the Community Development Directors of both cities and to the BiCity Board of Health on the BCHB's daily operations.

According to the complaint, the issue whether Allentown's drinking water should be fluoridated was a subject of considerable controversy in Allentown during the late 1970's. Appellant claims that the BCHB adopted a position favoring fluoridation, while defendant Frank Fischl, who became Mayor of Allentown in 1978, and the city itself were adamantly opposed to

fluoridation. Bartholomew further alleges that this difference of opinion gave rise to a protracted dispute between the Bureau on the one hand, and the Mayor and his administration on the other.

In late 1978, the Chairman of the Board of Health, Harold Roth, and Bartholomew began to seek Bartholomew's appointment as permanent Executive Director of the BCHB. Appellant asserts that Mayor Fischl opposed his appointment as permanent Executive Director because of Bartholomew's pro-fluoridation stance, and that Fischl attempted to block Bartholomew's appointment by various means. However, any such efforts were unsuccessful, and on September 14, 1979, Bartholomew was appointed permanent Executive Director of the BCHB by the Board of Health.

Mayor Fischl's opposition to Bartholomew's appointment was so strong, appellant claims, that the mayor refused to recognize Bartholomew as Director of the BCHB, ordered his pay withheld, and had a police officer stationed outside appellant's office to bar his entry. When Bartholomew received some of his salary from the Board of Health, Fischl is alleged to have publicly accused Bartholomew of theft and sought to have him indicted and arrested. Fischl ultimately persuaded the Allentown and Bethlehem city councils to dissolve the BCHB, appellant asserts, thereby eliminating Bartholomew's position altogether, as of December 31, 1979.

Bartholomew filed a lawsuit in state court, seeking the salary that had been withheld from him. The court held that the Mayor was without authority to discharge the BCHB's director, who was an employee of the BiCity Board of Health and not of the Mayor's administration. It therefore ordered that Bartholomew be paid his salary through December 31, 1979, the date on which his position ceased to exist. *Bartholomew v. Fischl, et al.,* No. 79–C–4015 (Lehigh Cty. Ct. of Common Pleas Jan. 5, 1981); app. at 22–27.

Appellant filed this lawsuit in federal court under § 1983 on September 10, 1981, naming the City of Allentown and Mayor Fischl as defendants. In his original complaint, Bartholomew contended that his termination of his employment amid public charges of dishonesty and incompetency and without a hearing violated his due process rights. He further claimed that the efforts of Mayor Fischl to oust him from office and the ultimate elimination of his position were in retaliation for Bartholomew's public statements advocating fluoridation of Allentown's water, and thus infringed his first amendment right to free speech. Finally, he asserted a claim under 42 U.S.C. § 1985(3) (1982), alleging that his termination was caused by a conspiracy among Fischl and his cabinet members to violate Bartholomew's constitutional rights. Defendant's answer to the complaint denied that Fischl was aware of Bartholomew's pro-fluoridation views and maintained that the Mayor's opposition to appellant's appointment as permanent Executive Director of the BCHB was based upon his belief that Bartholomew had performed poorly as Acting Executive Director. Defendants also denied having issued public statements charging Bartholomew with dishonesty or criminal conduct. They moved to dismiss the complaint for failure to state a claim, arguing that appellant had failed to plead facts sufficient to establish a constitutional violation, that there was no basis for liability under § 1985(3), and that Bartholomew had not clearly stated a basis for the city's liability.

The district court denied defendant's motion to dismiss, determining that the appellant had alleged sufficient facts to state a claim that his termination of employment, coupled with public accusations of a defamatory nature and without a hearing, had deprived him of a liberty interest without due process under *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, the district court agreed with defendants that appellant's complaint had inadequately identified the alleged factual basis for the city's liability under *Monell v.*

*Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, and for the defendants' liability under § 1985(3). Bartholomew was therefore ordered to amend his complaint to remedy these defects in his pleading.

In response, appellant filed an amended complaint, deleting his § 1985(3) claim, and adding six paragraphs containing allegations against the city. He declared that "[a]t all times relevant herein, the Defendant, City of Allentown, was implementing official government policy through the Mayor, Frank Fischl, and its cabinet officials, [James] Schultz and [William] Hansell." He further alleged that Fischl, Schultz and Hansell were "acting as high government officials of the City" when they "made false official public pronouncements which indicated that Plaintiff was dishonest" and terminated his employment. Finally, Bartholomew claimed that the "retaliatory campaign" pursuant to which he was defamed and lost his position was the "official policy" of the City of Allentown.

Defendants again moved for dismissal of the complaint or for summary judgment. In their motion, filed December 20, 1983, defendants for the first time argued that Bartholomew's action was barred by the statute of limitations. They contended that his § 1983 suit was most aptly analogized to a state-law defamation cause of action and therefore, under the then-prevailing law of this Circuit, was governed by Pennsylvania's one-year statute of limitations for defamation actions, 42 Pa.Cons.Stat. Ann. § 5523(1). *See Fitzgerald v. Larson,* 741 F.2d 32, 36 (3d Cir.1984) (appropriate statute of limitations in a § 1983 suit is selected by looking to relief sought and type of injury alleged); *Polite v. Diehl,* 507 F.2d 119, 122 (3d Cir.1974) (in banc). Since defendants asserted that Bartholomew's claim accrued on December 31, 1979 when his employment ceased, they insisted that this lawsuit, filed over one year later, was time-barred. On June 19, 1984, at the oral argument on the motion to dismiss the complaint, the district court granted the defendants' oral request to amend their answer to the complaint to assert the stat-

ute of limitations defense. The amended answer was filed on June 25, 1984.

The district court granted defendants' motion to dismiss on November 21, 1984. It ruled that plaintiff's complaint failed to allege sufficient facts to state a claim against the municipality under *Monell,* and that, although his complaint stated a claim against Fischl, that claim was time-barred under the Pennsylvania defamation statute of limitations. Bartholomew's motion for reconsideration of the district court's order was denied on May 30, 1985, and he filed this appeal.

## II.

*Monell v. Department of Social Services* declared that a municipality may be held liable under § 1983 when the plaintiff establishes that his constitutional rights were violated as a result of an official policy or custom of the city. While the concept of an official policy or custom was not clearly defined in *Monell,* the Supreme Court noted that such a policy or custom may be established either by a city's lawmakers or "by those whose edicts or acts may fairly be said to represent official policy." *Id.* 436 U.S. at 694, 98 S.Ct. at 2037.

The district court concluded that Bartholomew had successfully pleaded a cause of action against Fischl for deprivation of liberty without due process. The question before us with regard to the adequacy of Bartholomew's pleading is therefore limited to whether the amended complaint contains sufficiently specific allegations to provide the city with notice of the factual basis for plaintiff's claim that the violation of his constitutional rights was caused by execution of an official policy or custom of the city.

■ In dismissing Bartholomew's cause of action against the City of Allentown for failure to state a claim, the district court correctly noted that a line of cases by this Court has established a requirement that civil rights plaintiffs meet a heightened standard of specificity in pleadings. *See, e.g., Rhodes v. Robinson,* 612

F.2d 766, 772 (3d Cir.1979); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir.1976). Under this test, a plaintiff in a civil rights case must make "specific allegations of unconstitutional conduct" rather than "vague and conclusory allegations" in order to state a cause of action. *Rotolo*, 532 F.2d at 922. Where a complaint alleges "no facts upon which to weigh the substantiality of the claim," a plaintiff will be required to amend his pleadings to assert sufficient facts or suffer dismissal. *Id.* at 923. However, *Rotolo* did not purport to alter the general standard for ruling on motions to dismiss for failure to state a claim. Under that standard, such a motion may be granted only if, accepting all alleged facts as true, the plaintiff is not entitled to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985).

The district court stated that plaintiff, in his brief opposing defendants' motion for summary judgment, had identified two alleged official policies of the city that purportedly resulted in a violation of his rights: a policy "that Allentown's water must not be fluoridated," and a policy of conducting a defamatory and retaliatory campaign against Bartholomew in order to suppress his speech advocating fluoridation of Allentown's drinking water. App. at 129. It concluded, however, that neither of these "policies" could provide an adequate basis for imposing municipal liability under *Monell*. First, the district court stated that there is "no Constitutional right to the fluoridation of a municipal water supply. It is the function of municipal officials to formulate and implement policies on such matters." *Id.* The district court rejected the second of the policies alleged by Bartholomew because "the 'retaliatory campaign' directed against the plaintiff, even if it were found to be an illegal act, is not enough to establish an unconstitutional policy in that . . . 'a policy cannot ordinarily be inferred from a single instance of illegality.'" *Id.* (quoting *Losch v. City of Parkesburg*, 736 F.2d 903, 910 (3d Cir.1984)). It

thus concluded that Bartholomew had failed to plead facts that, even if assumed to be true, would support the imposition of liability upon the city.

However, we conclude that under *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), Bartholomew has pleaded the existence of an official policy or official conduct sufficient to support municipal liability. In *Owen*, the plaintiff, a chief of police, was discharged without notice or a hearing amid public charges that he had committed improprieties while in office. Owen brought a § 1983 action against the city and several city officials claiming a deprivation of liberty without due process. The public release of the results of an official investigation into Owen's conduct was agreed to by a vote of the city council and his dismissal was effected by the city manager, whom the council had authorized to take "appropriate action." The court of appeals concluded that an official policy of the municipality had caused the deprivation of Owen's constitutional rights, stating that "the stigma attached to [petitioner] in connection with his discharge was caused by the official conduct of the City's lawmakers, or by those whose acts may fairly be said to represent official policy. Such conduct amounted to official policy causing the infringement of [petitioner's] constitutional rights, in violation of section 1983." 589 F.2d 335, 337 (8th Cir.1978), *rev'd*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). It nonetheless held that the city was immune from liability because of the good faith of the city officials involved.

The Supreme Court reversed the court of appeals' ruling that the city was protected by qualified immunity, and held that Owen was entitled to judgment against both the municipality and the individual defendants. Quoting the above language from the court of appeals' decision, the Supreme Court concluded that Owen had established municipal liability under *Monell*. 445 U.S. at 633, 100 S.Ct. at 1406.

Bartholomew's complaint alleges that he, like Owen, was terminated from employment, and that public statements injurious to his reputation were issued at the direction of the city's lawmakers or those whose acts may fairly be said to represent official policy. Defendant Fischl, as Mayor of Allentown, was certainly a government official with policy-making powers, as were cabinet members Schultz and Hansell. Bartholomew set forth these facts in his pleadings, which asserted that Fischl, Hansell and Schultz acted as "high government officials of the City of Allentown" in instituting the "retaliatory campaign" against him and in "obtain[ing] his firing by the BiCity Health Bureau." App. at 6–7. Indeed, as Mayor Fischl was powerless to discharge Bartholomew himself, the Mayor's only available means of effecting appellant's termination was to persuade the city council of Allentown, the city's official lawmakers, to dissolve the BiCity Board of Health and the Bureau altogether, thereby eliminating Bartholomew's position. It is this course of conduct that Bartholomew refers to when he charges that Fischl "obtain[ed]" his dismissal, and his complaint contained sufficient facts to so notify defendants. We therefore conclude that, under *Owen*, appellant pleaded with sufficient particularity the factual basis for his claim that his constitutional deprivation was caused by the official policy of the City of Allentown.

Furthermore, we do not agree with the district court that the policies of opposing fluoridation and engaging in a campaign of harassing and defaming Bartholomew, if proven at trial to have existed and caused the infringement of his constitutional rights, would be insufficient bases for the imposition of liability on the city. The district court appears to have assumed that, in order for an official policy to support municipal liability under *Monell*, such policy must itself be unconstitutional. While the Supreme Court has yet to resolve this question definitely, *see City of Oklahoma City v. Tuttle*, —— U.S. ——, 105

S.Ct. 2427, 2436 n. 7, 85 L.Ed.2d 791 (1985) (plurality opinion) (expressly reserving the question "whether a policy that itself is not unconstitutional ... can ever meet the 'policy' requirement of *Monell* "), previous Supreme Court opinions and decisions of this Court indicate that an official policy that is not unconstitutional may provide the basis for municipal liability when an official interpretation of the policy is the proximate cause of a constitutional violation. *See, e.g., Brandon v. Holt*, —— U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (reversing finding of no municipal liability where plaintiff showed existence of a policy of police procedures inadequate to discover officer misconduct); *Czurlanis v. Albanese*, 721 F.2d 98 (3d Cir.1983) (imposing municipal liability based upon policy requiring that city employees' complaints be passed up "chain of command"); *Black v. Stephens*, 662 F.2d 181, 191 (3d Cir.1981) (holding city liable because of policy delaying investigation of complaints of police misconduct until underlying charges against complainant were resolved). Thus, if Bartholomew is able to show at trial that an official policy opposing fluoridation existed, and that an official interpretation of that policy caused retaliation against and termination of Bartholomew for openly favoring fluoridation, such a policy would suffice as a basis for imposing liability upon the City of Allentown.

The district court characterized the second policy identified by Bartholomew—that of conducting a retaliatory and defamatory campaign in order to suppress plaintiff's speech advocating fluoridation—as nothing more than a single incident insufficient to amount to an official policy. We do not agree that a course of retaliatory conduct including the issuance of public defamatory charges and the elimination of an employee's position may as a matter of law be characterized as "a single instance of illegality." However, even if it could, the rank of the city employees who engaged in the challenged conduct would be relevant to whether that conduct, though limited in

duration and involving a single "victim," amounted to an official policy.

■ In *Tuttle,* the plurality and the concurring Justices agreed that a jury may not be permitted to infer the existence of an official policy of inadequate training of police officers from a single instance of excessive force employed by one officer.[1] However, Justices Brennan, Marshall, and Blackmun stated that "[s]ome officials ... may occupy sufficiently high policy-making roles that any action they take under color of state law will be deemed official policy," 105 S.Ct. at 2440 n. 5, and emphasized that the jury instructions at issue were flawed because they allowed the jury to "infer the existence of a city policy from the isolated misconduct of a single, low-level officer." *Id.* at 2440. The plurality likewise objected to the jury instructions on the ground that they permitted the plaintiff to "establish municipal liability without submitting proof of a single action taken by a municipal policymaker," and "under circumstances where no wrong could be ascribed to municipal decisionmakers." *Id.* at 2435. Thus, it is possible that a "single instance" of misconduct by a policymaking city official could provide the basis for an inference that a municipal policy existed.

■ What is more, in this case Bartholomew has alleged not a single act by the Mayor but a continuing pattern of acts: in the language set forth in the complaint, a "protracted" and "ongoing" campaign. Under *Owen,* it is clear that conduct such as that averred in Bartholomew's complaint constitutes an official policy sufficient to support municipal liability. *Cf. Estate of Bailey v. County of York,* 768 F.2d 503, 506 (3d Cir.1985) ("In an appropriate case, even in the absence of formal agency con-

duct, an 'official policy' may be inferred 'from informal acts or omissions of supervisory municipal officials.'") (quoting *Turpin v. Mailet,* 619 F.2d 196, 200 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980)). We hold that the facts alleged in Bartholomew's complaint state a cause of action against the City of Allentown under *Owen.* We further conclude that either of the policies addressed and rejected by the district court may be sufficient as a basis of municipal liability, if it is proven such a policy existed and that an official interpretation of the policy caused the abridgement of Bartholomew's constitutional rights. Consequently, plaintiff's suit against the city was improperly dismissed on the pleadings.

### III.

The district court granted summary judgment for defendant Fischl, concluding that the cause of action against him was governed by Pennsylvania's one-year statute of limitations in defamation actions, 42 Pa.Cons.Stat.Ann. § 5523(1), and that it had not been timely filed within one year after Bartholomew's position was eliminated on December 31, 1979.[2]

In applying the defamation statute of limitations, the district court sought to determine the "essential nature" of the cause of action, *see Davis v. United States Steel Supply,* 581 F.2d 335, 337 (3d Cir.1978), as required by the law of this Circuit, and to apply the statute of limitations governing comparable state causes of action. *See id.; Fitzgerald,* 741 F.2d at 35. Focusing upon Bartholomew's allegation that "defendants engaged in a retaliatory, protracted public dialogue, including defamatory accusations against the Plaintiff," app. at 7, the district court concluded that Bartholo-

---

**1.** The plurality in *Tuttle* consisted of Justices Rehnquist, O'Connor and White, and Chief Justice Burger. Justice Stevens wrote a dissent, in which he argued that *Monell's* holding that § 1983 bars the imposition of liability on a city under the doctrine of *respondeat superior*

should be reversed. Justice Powell did not participate in the decision of the case.

**2.** We note that the district court could have relied upon the statute of limitations as grounds for dismissing Bartholomew's action as against the city as well as the individual defendant.

mew's complaint was most aptly analogized to a defamation suit under state law.

■ Subsequent to the district court's order granting summary judgment, the Supreme Court held in *Wilson v. Garcia*, —U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that § 1983 suits are governed by state personal injury statutes of limitations. Pennsylvania provides a two-year statute of limitations for personal injury actions. *See* 42 Pa.Cons.Stat.Ann. § 5524(2). If that statute applies to Bartholomew's case, his § 1983 action was timely brought within two years of the date upon which his employment ceased.[3] Thus, we must determine whether *Wilson* is to be applied retroactively to allow plaintiff's action.

In *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.1985), this Court held that *Wilson* would be applied retroactively to bar the plaintiff's suit claiming that his discharge had been effected without due process. We engaged in the three-prong analysis set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and concluded that *Wilson* had not overruled clear precedent or decided an issue of first impression whose resolution was not clearly foreshadowed; that *Wilson's* purposes of uniformity and certainty would be furthered by retrospective application; and that since the plaintiff "could not reasonably have relied on the assumption that a limitations period longer than two years would apply" to his § 1983 claim, there was no inequity in barring his suit under *Wilson*. *Id.* at 196; *id.* at 194–96.

This case differs from *Smith* in that, here, the defendants, rather than the plaintiff, seek to avoid retroactive application of the *Wilson* decision. Thus, the first prong of a *Chevron* analysis must focus upon whether clear precedent existed upon which defendants might have relied to assume that a statute of limitations shorter than two years would bar appellant's action. Defendants point to *Orlando v. Baltimore & Ohio R.R.*, 455 F.2d 972, 973 (3d Cir.1972) (per curiam); *MacMurray v. Board of Trustees*, 428 F.Supp. 1171, 1178–79 (M.D.Pa.1977); and *deMarrais v. Community College*, 407 F.Supp. 79, 80–81 (W.D.Pa.1976), *aff'd*, 571 F.2d 571 (3d Cir. 1978). They claim that each of those decisions applied the one-year defamation statute to § 1983 claims alleging injury to reputation.

*Orlando* and *MacMurray* provide less than firm ground for defendants' position. Both contemplated the possibility that certain claims in the actions were governed by the two-year personal injury statute of limitations, rather than the shorter defamation statute.[4] What is more, even if these cases constituted clear precedent establishing that § 1983 claims based upon injury to reputation were to be governed by the one-year statute, the fact remains that Bartholomew's complaint asserts a claim that his first amendment rights, as well as his due process rights, were violated. App. at 7–9. The question which state statute of limitations governed in § 1983 actions alleging discharge in violation of first amendment rights under the pre-*Wilson* approach was not resolved until this Court decided *Fitzgerald v. Larson*, 741 F.2d 32 (3d Cir.1984), which held that Pennsylvania's residual six-year statute of limitations was applicable to such suits.

We conclude that, in this case, as in *Smith*, no clear precedent existed before *Wilson* regarding which statute of limitations governed § 1983 claims of the kind

---

**3.** Plaintiff argues that his cause of action accrued later than the date on which his position was eliminated because defamatory public statements were made by defendants after that date. However, we need not reach that question, since, even assuming that the statute began to run on December 31, 1979, his lawsuit was filed within two years.

**4.** Indeed, in *MacMurray*, relied upon by defendants, the plaintiff asserted that he had been terminated in violation of his first amendment rights, as does Bartholomew, and the court stated that the claim might be governed by the two-year personal injury statute. *MacMurray*, 428 F.Supp. at 1178–79.

asserted by Bartholomew. Furthermore, as in *Smith,* the purposes of the holding in *Wilson,* namely uniformity, certainty, and providing adequate opportunity for the vindication of constitutional rights, are best served by retroactive application in this case. Finally, we see no inequity in applying *Wilson* to permit appellant to proceed. Where defendants failed to raise the statute of limitations defense until nearly four years after appellant's cause of action accrued, they can hardly claim to have relied upon the availability of a one-year statute of limitations to preclude liability. Consequently, we hold that *Wilson* applies retroactively to Bartholomew's action, and that his complaint was timely filed within two years of the date on which his employment ceased.[5]

### IV.

Because we determine that Bartholomew's suit was erroneously dismissed on the pleadings as against the City of Allentown, and that it is not time-barred as against either defendant, the district court order dismissing the complaint for failure to state a cause of action against the city and granting summary judgment for defendant Fischl will be vacated and the matter remanded for further proceedings consistent with this opinion.

---

**5.** Appellant also argues on appeal that the district court abused its discretion in permitting defendants to raise the statute of limitations as an affirmative defense over two years after the complaint was filed. In view of our conclusion that appellant's action was timely brought under the two-year personal injury statute, we need not address his contention that the defense was improperly raised procedurally.