**Thelma L. PALACE**

v.

**Robert DEAVER and Robert Smythe.**

**Civ. A. No. 93–CV–3818.**

United States District Court,
E.D. Pennsylvania.

Feb. 28, 1994.

Joseph M. Gontram, McBride, Ruch & Gontram, Philadelphia, PA, for plaintiff.

William F. Holsten, II, Paola F. Tripodi, Holsten & White, Media, PA, for defendants.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

Defendants have filed a Motion to Dismiss that part of Plaintiff's Second Amended Complaint (1) that asserts a cause of action

for conspiracy under 42 U.S.C. § 1985(3) and, (2) that names the Borough of Darby as a defendant.

On December 3, 1993, we allowed Plaintiff to amend her complaint in order to cure pleading defects. In that memorandum, we stated that Plaintiff had not set out the "whys" and "wherefores" behind the alleged conspiracy when in her complaint the Plaintiff avers only that the defendants "agreed and conspired between themselves and possibly others, to violate the civil, Constitutional and statutory rights of plaintiff and to deny her the equal protection of the laws and due process." Plaintiff's Second Amended Complaint adds Darby Borough as a defendant.

■ A plaintiff makes out a valid cause of action under § 1985(3) by demonstrating (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen. *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828–829, 103 S.Ct. 3352, 3355–3357, 77 L.Ed.2d 1049 (1983).

■ Although a municipality cannot be held liable under 42 § 1983 on a respondeat superior theory, it can be held liable where execution of a government's policy or custom made by those whose edicts or acts may fairly be said to represent office policy, inflicts an injury. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). "[I]t is possible that a 'single instance' of misconduct by a policy making city official could provide the basis for an inference that a municipal policy existed." *Bartholomew v. Fischl,* 782 F.2d 1148, 1154 (3rd Cir.1986); *see also Pembaur v. Cincinatti,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).

On a motion to dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3rd Cir.1991). A complaint is properly dismissed only if it appears certain that plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. *Ransom v. Marrazzo,* 848 F.2d 398 (3rd Cir.1988); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ In Plaintiff's Second Amended Complaint, paragraphs 20–24, Plaintiff sets out the specific plans and purposes of the alleged conspiracy. Plaintiff avers that the defendants conspired to (1) treat plaintiff in a manner different from the treatment given other employees on account of her sex, (2) create for plaintiff a hostile and discriminatory work environment on account of her sex, and (3) refuse to protect plaintiff from violations of the law on account of her sex. Additionally, in Paragraph 38 of her Second Amended Complaint, Plaintiff alleges that the actions of Smythe as Chief of Police and Deaver as President of the Darby Borough Council, in failing to investigate possible civil rights violations and sexual assault allegations, constituted a policy or custom of defendant Darby Borough.

Because Plaintiff's Second Amended Complaint sufficiently states the "whys" and "wherefores" behind the alleged conspiracy and because it does not appear certain that Plaintiff cannot prove a set of facts in support of her claims, we must deny Defendants' motion to dismiss.

### ORDER

AND NOW, this 28th day of February, 1994, upon consideration of Defendants' second Motion to Dismiss, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.